Leischke v. Miller.

---

## Julius Leischke v. William Miller.

1. SET-OFF—*In Suits for Wages.*—In a suit for wages the defendant can not set off an account for goods sold by him to the plaintiff; and conversely, in a suit by the defendant against the plaintiff for goods sold, the plaintiff would not be required to bring forward his claim or demand for wages.

2. STATUTES—*Requiring Parties in Justices' Courts to Bring Forward All Their Demands.*—Section 18 of article 5, chapter 79, of the Revised Statutes (Hurd's R. S. 1899, p. 1073), requiring each party in actions commenced before justices of the peace, to bring forward all his demands existing at the time of the commencement of the action, which are of a nature to be consolidated, etc., and on refusing or neglecting to do so, to be forever debarred from suing therefor, has no application to suits brought for the recovery of wages.

3. SAME—*Repeals by Implication Are Not Favored.*—A later statute will not be held to repeal an earlier one by implication unless the two statutes are so inconsistent that they can not stand together; but if they can be reconciled they must be allowed to stand.

**Suit for Wages.**—Error to the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in this court at the October term, 1901. Reversed and remanded. Opinion filed February 13, 1902.

**Statement.**—Leischke sued Miller in a justice's court and recovered judgment against him July 9, 1900, for $148 for wages and $20 attorney's fees, from which judgment Miller appealed to the Superior Court of Cook County. By leave of court Miller filed in the cause a transcript of certain proceedings before another justice, in a suit before said other justice between William Miller, plaintiff, and Julius Leischke, defendant, from which transcript it appears that May 23, 1900, Miller recovered judgment before said justice for $4.64 for goods sold. When the present case was called for trial, the defendant, Miller, by his attorney, moved the court to dismiss the suit for want of jurisdiction, on the ground that Miller had, prior to the time the suit against him was brought, sued Leischke and recovered judgment against him in a justice court, and that Leischke should have set off his demand against him, Miller, in that suit. In support of the motion, Miller's attorney introduced in evidence the transcript above mentioned, showing a judgment in Miller's favor and against Leischke for $4.64, and it was stipulated between the parties, that at the time the last mentioned judgment was rendered, the claim of Leischke against Miller existed. The court sustained defendant's motion and dismissed plaintiff's suit for want of prosecution; whereupon plaintiff's attorney moved the

court to set aside said ruling and for a trial, which motion the court overruled.

Error is assigned on these rulings of the court.

GIBBS & GIBBS, attorneys for plaintiff in error.

LYMAN & BARDON, attorneys for defendant in error.

MR. JUSTICE ADAMS delivered the opinion of the court.

The defendant, in moving to dismiss the suit, relied and now relies on section 18 of article 5, chapter 79 of the Revised Statutes, which is as follows:

" In all actions which shall be commenced before a justice of the peace, each party shall bring forward all his demands against the other, existing at the time of the commencement of the action, which are of such a nature as to be consolidated and which do not exceed two hundred dollars, when consolidated into one action or defense; and on refusing or neglecting so to do, shall forever be debarred from suing therefor."

The court held that the plaintiff, having failed to bring forward his demand against the defendant Miller, when sued by the latter, was debarred, as provided by the section quoted, and dismissed the suit, for want of jurisdiction, on defendant's motion. The matter set up in support of the motion, and which was practically admitted by the plaintiff to be true, was matter in bar of the suit, which, if the plaintiff had sued in the Superior Court, instead of before a justice of the peace, as he might have done, would have had to be pleaded in bar. The only difference between the practice on an appeal from a justice and in a suit commenced in a court of record is, that in the former case written pleadings are not required, while in the latter case they are. Suppose that the plaintiff had commenced his suit in the Superior Court, and the defendant had pleaded in bar of the suit, plaintiff's failure to bring forward his demand when sued by defendant before the justice, and the plaintiff had demurred to the plea, and the court had overruled the demurrer, and the plaintiff elected to stand by his demurrer, the judgment would have been for the

defendant on his plea, and not a dismissal of the case for want of jurisdiction. In the case supposed, the court would have exercised jurisdiction in deciding the plea good in bar of the action. So, in the present case, the court, in holding that the defense set up in the motion was a good defense in bar, exercised jurisdiction, and it was error to dismiss the cause for want of jurisdiction. The court, in so far as appears from the record before us, had jurisdiction of the parties and the subject-matter.

The next question is, whether the statute above quoted has any application to such a claim as the plaintiff's, which, by the justice's transcript, appears to be against Miller for wages.

An act entitled " An act providing for attorney's fees, when mechanic, artisan, miner, laborer or servant, sues for wages," in force July 1, 1889, is as follows, omitting the enacting clause :

" Whenever a mechanic, artisan, miner, laborer, or servant, or employe, shall have cause to bring suit for his or her wages earned and due, and owing according to the terms of the employment, and he or she shall establish, by the decision of the court or jury, that the amount for which he or she has brought suit is justly due and owing, and that a demand has been made in writing at least three days before suit is brought, for a sum not exceeding the amount so found due and owing, then it shall be the duty of the court before which the case shall be tried to allow to the plaintiff, when the foregoing facts appear, a reasonable attorney fee, in addition to the amount found due and owing for wages, and in justice court such attorney's fee shall not be less than $5, and in the County or Circuit Court, not less than $10, to be taxed as costs of suit." Hurd's Rev. Stat. 1899, p. 189.

Section 3 of an act entitled " An act to provide for the payment of wages in lawful money, and to prohibit the truck system, and to prevent deductions from wages, except for lawful money actually advanced," in force July 1, 1891, is as follows :

" Sec. 3. It shall be unlawful for any person, company, corporation or association, employing workmen in this State, to make deductions from the wages of his, its or their

workmen, except for lawful money, checks or drafts actually advanced without discount, and except such sums as may be deducted for hospital or relief fund for sick or injured employes." Hurd's Rev. Stat. 1899, p. 341.

Sections 1, 2 and 7 of the act last quoted from, were held unconstitutional in Frorer v. The People, 141 Ill. 171, leaving the remaining sections in force.

Repeals by implication are not favored, and a later statute will not be held to repeal a former by implication, unless the two statutes are so inconsistent that they can not stand together. If they can be reconciled, they must be allowed to stand. Wragg v. Penn Township, 94 Ill. 17.

The act of 1899 and section 3 of the act of 1891, are not irreconcilable. They are *in pari materia* and must be construed together. The act of 1899 provides that in a justice court the attorney's fee shall not be less than $5, and in the County or Circuit Court not less than $10. By section 4 of the act of 1891, the language is "such reasonable attorney's fee as the court, in its discretion, may think proper." Construing the two sections together, the court may allow such reasonable attorney's fee as it may deem proper, but not less then $5 can be allowed in a justice court, and not less than $10 in the County or Circuit Court. In excess of these sums a reasonable discretion is to be exercised by the justice of the peace, or by the court, as the case may be.

Section 3 of the act of 1891 was clearly intended as an exception to section 18, first above quoted. That section is the same as section 49 of the act of 1872, concerning justices of the peace, etc., and section 35, p. 320, Rev. Stat. 1845 (2 S. & C.'s Stat. 1896, p. 2473), and the insertion of that section in the act of 1895, revisory of the act of 1872, can not be held to repeal section 3 of the act of 1891. Section 18, as it stood in the statutes of 1845 and 1872, and as it now is, is general in its terms; section 3 of the act of 1891 is particular. It refers to a particular class of cases, viz., claims for wages; and when passed, clearly created an exception to section 49 of the act of 1872, and its insertion as section 18 of article 5 of the revisory act of 1895, could not have

been intended as a repeal of the exception. The rule is that "a general statute, without negative words, will not repeal the particular provisions of a former one, unless the two acts are irreconcilably inconsistent." Wilcox v. The People, 90 Ill. 186, 198; Covington v. City of East St. Louis, 78 Ib. 548.

"It is but a particular application of the general presumption against an intention to alter the law beyond the immediate scope of the statute, to say that a general act is to be construed as not repealing a particular one, that is, one directed towards a *special object* or a *special class* of objects." Endlich on the Interpretation of Statutes, Sec. 223.

The sole objection made by counsel for defendant to the act of 1891, is that it applies only to the truck system, and that the plaintiff's claim is not within the act. The title of the act is not only "to prohibit the truck system," but "to provide for the payment of wages in lawful money" and "to prevent deductions from wages, except for lawful money actually advanced," and the body of the act is, in all respects, germane to the title. If, as provided by section 3 of the act, no deductions from wages can be made, except for lawful money, checks or drafts, actually advanced without discount, and except sums which, by agreement, may be deducted for hospital relief, etc., it is plain that in a suit by plaintiff for wages, the defendant could not set off an account for goods sold by him to plaintiff, and conversely, in a suit by the defendant against plaintiff for goods sold, plaintiff would not be required to bring forward his claim or demand for wages.

The judgment will be reversed and the cause remanded.